UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LYNDON JAY TORRENCE** | **CIVIL ACTION NO. 10-cv-0996** |
|       **LA. DOC #468917** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **DEPUTY MARCUS GOSS** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Lyndon Jay Torrence, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 7, 2010. When he filed this complaint, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He was incarcerated at the Richwood Correctional Center (RCC), Monroe, Louisiana, but he complained that he was the victim of excessive force and retaliation while he was imprisoned at the Ouachita Corrections Center (OCC), Monroe. He was subsequently released from custody and now resides in West Monroe, Louisiana. Plaintiff sued Dy. Marcus Goff, Sergeant Tilbury and Lt. Stewart and prayed for damages in the amount of $25,000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure.

*Statement of the Facts*

Plaintiff filed his *pro se* civil rights complaint and his application to proceed *IFP* on June 7, 2010. [Docs. #1-2] On June 21, 2010 he was granted leave to proceed *IFP*. [Doc. #3] On June 22,

2010 he notified the Clerk of Court that he was released from custody on June 17, 2010 and he supplied his residential address. [Doc. #4]

On August 20, 2010, the undersigned ordered plaintiff to amend his complaint to provide additional information needed to evaluate his claims on or before September 20, 2010. That order was mailed to the residential address supplied by plaintiff. [Doc. #7] The deadline has passed and plaintiff has not complied with the amend order.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to comply with an order directing him to amend his complaint; that failure on his part warrants dismissal of the complaint.

The undersigned finds that dismissal at this time will not necessarily result in the loss of the cause of action due to prescription. In other words, the applicable statute of limitations will probably not bar plaintiff from re-filing the instant suit, provided he files within one-year of the date of the incident, which he claims occurred on February 10, 2010. Nevertheless, it is possible that dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to

prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored the order directing him to amend his complaint; he has alleged insufficient facts to warrant service of process and no further action can be taken until he amends and provides the requested factual information. Further, although he is no longer in custody, he has not even attempted to contact the court since his release. Since plaintiff is proceeding *in forma pauperis*, and since he was only recently released from custody, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff, now that he is free, no longer wishes to pursue his cause of action. Finally, plaintiff's unrepentant flaunting of the order to amend reflects his own contumaciouness or "stubborn resistance to authority" which must be personally attributable to him as a *pro se* litigant.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, October 1, 2010.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE